UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF ) <br> MACHINISTS AND AEROSPACE ) <br> WORKERS, DISTRICT LODGE 4, ) <br> LOCAL LODGE S6, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BATH IRON WORKS, INC., ) <br> ) <br> Defendant. ) | Docket no. 2:16-cv-257-GZS |

ORDER ON MOTION TO DISMISS

Before the Court is Defendant Bath Iron Works, Inc.'s Motion to Dismiss (ECF No. 9) (the "Motion"). For the reasons explained herein, the Court GRANTS the Motion.

**I.  LEGAL STANDARD**

The Federal Rules of Civil Procedure require only that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought[.]"  Fed. R. Civ. P. 8(a)(1)-(3).  The Court assumes the truth of the complaint's well-pleaded facts and draws all reasonable inferences in plaintiff's favor.  Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012).  Under Rule 12(b)(6), the Court "may consider only facts and documents that are part of or incorporated into the complaint."  United Auto., Aero., Agric. Impl. Workers of Am. Int'l Union v. Fortuno, 633 F.3d 37, 39 (1st Cir. 2011) (internal citations omitted).

A viable complaint need not proffer "heightened fact pleading of specifics," but in order to survive a motion to dismiss it must contain "enough facts to state a claim to relief that is plausible

on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering a motion to dismiss, the Court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Plaintiff must include enough facts supporting a claim for relief that "nudge[] their claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (quoting SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010)); see also Iqbal, 556 U.S. at 678 (stating that the Court need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements").

**II. BACKGROUND**

Plaintiff International Association of Machinists and Aerospace Workers, District Lodge 4, Local Lodge S6 ("Plaintiff" or the "Union") seeks to challenge the enforceability of an award rendered through an arbitration process mandated under the parties' collective bargaining agreement. (Compl. ¶ 1.) Plaintiff alleges that, after hearings were held in the arbitration, the Arbitrator remarked to Union representative Richard Nolon that he had not heard a case between the parties in six years because he had previously issued an award that angered an official at Bath Iron Works, Inc. ("Defendant"). (Compl. ¶ 14.) Plaintiff alleges that the Arbitrator told Nolon that he did not want to continue on the "strike list." (Id.) According to Plaintiff, this statement was an admission by the Arbitrator that he was motivated to issue an award favorable to Defendant in order to advance his own interests. (Compl. ¶ 18.)

Approximately five months after the Arbitrator's alleged statement to Nolon, on February 11, 2016, the Arbitrator finalized an award in the arbitration that was favorable to Defendant.

2

(Compl. ¶ 16.) Plaintiff brought the present action by filing the pending complaint (ECF No. 1) (the "Complaint") on May 19, 2016.

## III. DISCUSSION

Defendant has moved for the dismissal of the Complaint for failure to state a claim under which relief can be granted pursuant to Rule 12(b)(6). Defendant argues that Plaintiff failed to file the Complaint within Maine's 90-day time limit for the filing of a challenge to an arbitral award. Defendant further contends that, even if the failure to meet the statutory time limit did not bar the suit, Plaintiff cannot base a challenge to the award on the Arbitrator's alleged bias where the evidence of such bias was known to Plaintiff prior to the Arbitrator's decision but was not raised at that time. Contrary to Plaintiff's opposing arguments, Defendant is correct, and each of these reasons provides an independent and sufficient basis for the Court to dismiss the Complaint.

Plaintiff brings its claim under 9 U.S.C. § 10(a)(2), which provides that a federal court may order an arbitration award vacated "where there was evident partiality or corruption in the arbitrator[] . . . ." Under Maine law, a litigation to vacate an arbitration award must be filed "within 90 days after delivery of a copy of the award to the [plaintiff], except that, if predicated upon corruption, fraud or other undue means, it shall be made within 90 days after such grounds are known or should have been known." 14 M.R.S.A. § 5938(2). The parties agree that this Court should apply the time limitation on an action to vacate an arbitration award set forth in the laws of the forum state, and they also agree that the Complaint was not filed within 90 days of delivery of the Arbitrator's final award or within 90 days of the date that plaintiff first learned of the grounds upon which it alleges bias by the Arbitrator. (Def.'s Mot. Dismiss (ECF No. 9) at PageID #s 24-26; Pl.'s Opp. Def.'s Mot. Dismiss (ECF No. 10) at PageID # 32.)

Thus, there is no dispute that Maine's 90-day rule for filing this action would ordinarily apply, nor is there a dispute that Plaintiff failed to meet the required filing deadline. Plaintiff nonetheless urges the Court to excuse this failure. Plaintiff asserts that Defendant was notified, prior to the expiry of the 90-day period, that Plaintiff intended to file this suit. (Pl.'s Opp. Def.'s Mot. Dismiss (ECF No. 10) at PageID # 32.) Therefore, according to Plaintiff, the policy in favor of finality of arbitral decisions would not be upset by permitting this suit, because Defendant had reason to expect that the suit might be filed in the future. (Id. at PageID #s 32-33.)

This argument, however, is not availing. First, Plaintiff did not allege notice to Defendant in the Complaint. Second, and more fundamentally, courts have consistently applied the principle that judicial review of arbitration awards be narrow and circumscribed. See, e.g., UMass Mem'l Med. Ctr., Inc. v. United Food and Commercial Workers Union, 527 F.3d 1, 5 (1st Cir. 2008) (explaining that judicial review of arbitral awards is "extremely narrow and exceedingly deferential" in light of parties' contractual election to arbitrate (internal quotation omitted)); N. New England Tel. Operations LLC v. Local 2327, Int'l Bhd. of Elec. Workers, AFL-CIO, 735 F.3d 15, 21 (1st Cir. 2013) ("judicial review of arbitration awards is among the narrowest known in law" (internal quotation omitted)); Cytyc Corp. v. DEKA Prods. Ltd. P'ship, 439 F.3d 27, 32 (1st Cir. 2006) ("The authority of a federal court to disturb an arbitration award is tightly circumscribed."). Plaintiff has identified no legal authority that supports the premise that notice to a defendant tolls the 90-day deadline or cures a failure to meet the deadline, and merely argues without citation that Defendant has suffered no prejudice. (Pl.'s Opp. Def.'s Mot. Dismiss (ECF No. 10) at PageID # 33.) Such assertions provide no basis for broadening the narrow and constrained parameters for the courts' review of arbitral awards. Consequently, Plaintiff has failed to file a timely action for vacatur, that failure is not excused, and the Complaint must be dismissed.

Even if Plaintiff had satisfied the timing requirement for this action, the Complaint would nonetheless be dismissed because it does not allege a cognizable claim for vacating the award due to arbitrator bias. While bias can provide a basis for courts to review and potentially vacate an arbitration award, the First Circuit has squarely held that a challenging party cannot support its bias claim with evidence that the party could have presented in the arbitration proceedings but only brought forward once an unfavorable award issued. JCI Commc'ns, Inc. v. Int'l Bhd. of Elec. Workers, Local 103, 324 F.3d 42, 51 (1st Cir. 2003) ("Absent exceptional circumstances, a court will not entertain a claim of personal bias where it could have been raised at the arbitration proceedings but was not." (internal quotation omitted)).

Plaintiff argues that, because the proffered evidence of bias emerged after the hearing dates in the arbitration, Plaintiff lacked a forum to offer its evidence of bias. This assertion, however, lacks merit. While the alleged conversation between the Arbitrator and Nolon did occur following the last hearing date set forth in the Complaint, this conversation took place five months prior to the issuance of the arbitration award. See id. at 52 ("[The plaintiff] needed to act before the [arbitration panel] rendered its decision.") Plaintiff could have filed a motion or otherwise raised the bias issue during this five-month period.[1] Since it did not do so, it cannot obtain the benefit of selectively raising a bias allegation upon an arbitration outcome it considers unfavorable.

---

[1] In addition, it is noteworthy that in a claim such as this one, which seeks vacatur of an arbitral award based on "corruption, fraud or other undue means," Maine law prescribes a 90-day filing deadline from the time that the grounds for the claim were known or should have been known. 14 M.R.S.A. § 5938(2). Here, the date that was 90 days following Plaintiff's coming to know its grounds to allege Arbitrator bias was a full two months prior to the Arbitrator's decision. Nonetheless, in this case, the Court readily concludes Plaintiff's challenge is untimely based on its failure to file within 90 days of receipt of the arbitration award, and is impermissible based on Plaintiff's failure to raise the bias issue during the arbitration proceedings. Thus, the Court need not reach the more difficult question of whether the language of 14 M.R.S.A. § 5938(2) should be construed to set an even earlier filing deadline on the facts alleged.

## IV.  CONCLUSION

For the reasons just stated, the Court GRANTS the Motion (ECF No. 9).

SO ORDERED.

    /s/ George Z. Singal
United States District Judge

Dated this 11th day of August, 2016.